UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVON GANIER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-736-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Davon Ganier is imprisoned at the Miami Correctional Facility. On April 13, 2020, several guards took him to a new cell where he immediately fought with an inmate who was already there. Mr. Ganier was charged with fighting, and he pleaded guilty at a prison disciplinary hearing. He received a written reprimand and lost some privileges for fifteen days but didn't lose any earned good-time credit and wasn't demoted in good-time credit-earning class.

Nevertheless, Mr. Ganier filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the outcome of the disciplinary hearing, even as he acknowledges that the lengthening of his imprisonment is a prerequisite for his petition (ECF 1-1 at 4). To overcome this requirement, he speculates that he may end up serving a longer sentence than is due if the sentencing court fails to shorten his imprisonment because of his record of fighting. He also believes that the guards provoked the fight by placing him in a cell with a known violent offender and should, therefore, be held accountable.

A prisoner may challenge a disciplinary sanction that changes his release date by means of a petition for writ of habeas corpus. He may not, however, challenge a sanction that does not change his release date." *Smith v. Wilson*, No. 3:06-CV-0320AS, 2006 WL 2859401, at *1 (N.D. Ind. Oct. 3, 2006). Here, Mr. Ganier is not challenging the change of his release date; at best he is speculating what may happen if the sentencing court reviews his sentence. And insofar as Mr. Ganier is seeking to hold the officers who allegedly placed him in harm's way accountable, he cannot do this through a habeas corpus proceeding. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) ("For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. Attacks on the fact or duration of confinement come under § 2254." (citations omitted)). Therefore, Mr. Ganier's petition for writ of habeas corpus must be denied on its face under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which allows for the dismissal of a petition when it plainly appears that the petitioner is entitled to no relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

For these reasons, the Court DISMISSES Mr. Ganier's habeas corpus petition.

SO ORDERED on October 1, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT